**Kenneth E. DELCAMBRE,**
**Plaintiff–Appellant,**

v.

**William R. WHITTINGTON,**
**etc.; et. al., Defendants,**

**William R. Whittington, individually & in his capacity as a law enforcement officer of the State of Louisiana, Louisiana State Police and Superintendent of the Louisiana State Police, Deputy Secretary of the State of Louisiana, Department of Public Safety & Corrections, Defendant–Appellee.**

No. 02–31113.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 7, 2003.

40

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM.*

One year after entering a guilty plea to a misdemeanor offense, Kenneth E. Delcambre filed this action against those involved with his prosecution, presenting state and federal claims. The district court dismissed this action, holding: the wrongful discharge and intentional interference claims were barred by prescription; the malicious prosecution claims, by the guilty plea. A Federal Rule of Civil Procedure 12(b)(6) dismissal is reviewed *de novo*. *Thompson v. Goetzmann*, 315 F.3d 457, 459 (5th Cir.2002).

Delcambre maintains the claims are not time-barred. The termination of his employment, three years before filing this action, however, ends any continuous tort. *See Bustamento v. Tucker*, 607 So.2d 532, 542 (La.1992). Further, Delcambre contends his 42 U.S.C. § 1983 malicious prosecution claim is not barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because it was rendered invalid by a state tribunal. Though his conviction was expunged and an order of acquittal entered, expunction under La.Rev.Stat. Ann. § 44:9 does not render a prior conviction invalid.

*AFFIRMED*